# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 21-1643V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |
|---|---|
| MAUREEN DONNELLY, *as guardian and parent of her child, Joseph Donnelly,* | |
| Petitioner, | Chief Special Master Corcoran |
| v. | Filed: July 27, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Maureen Donnelly*, Barrington, IL, *pro se* Petitioner.

*Nancy Tinch*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING PETITION[1]

On July 7, 2021, Joseph Donnelly filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] (later amended to identify his mother and guardian, Maureen Donnelly, as Petitioner. The Petition alleges that Mr. Donnelly suffered from catatonia and grand mal seizures after receipt of a Tdap vaccine administered on

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

July 7, 2018.

After a status conference held on March 30, 2022, I ordered Petitioner to file relevant medical records in the case, since the filings had been extremely limited, and it did not appear the records that had been filed supported an entitlement claim. I set a date of June 30, 2022, for the medical records to be filed.

On July 11, 2022, Petitioner informally communicated to Chambers that she wished to dismiss the claim. To that end, I issued a Scheduling Order for Petitioner to file a notice voluntarily dismissing the claim on or before July 25, 2022, noting also that I would dismiss the claim *sua sponte* if this date passed without action by the Petitioner. ECF No. 20. Petitioner did not file any notice by this deadline, however, and still has never offered any medical records to support her claim.

Under Vaccine Rule 21(b), a special master may dismiss a petition for failure of the petitioner to prosecute or comply with any order of the special master. In this case, Petitioner did not file the necessary medical records to substantiate her claim, nor did she file a notice asking for dismissal. Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Therefore, Petitioner's claim cannot succeed and must be dismissed. Section 11(c)(1)(A).

Accordingly, I hereby **DISMISS** Petitioner's case. In the absence of a motion for review filed pursuant to RCFC Appendix B, and pursuant to Vaccine Rule 21(b)(2), the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED.**

Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.